**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**CLARENCE R. ROGERS**,                                       Case No. 3:22-cv-00229-AC

                Plaintiff,                          **ORDER OF DISMISSAL**

    v.

**APRILLA D. MCPHERSON**, **DONALD
R. MCPHERSON**, **CLARENCE
ROGERS**, Musician, and **DON JHANAE
MCPHERSON**, Student,

                Defendants.

_____

**IMMERGUT, District Judge.**

      On February 14, 2022, Plaintiff Clarence R. Rogers, a self-represented litigant, filed this

action against Defendants Aprilla D. McPherson, Donald R. McPherson, Clarence Rogers, and

Don Jhanae McPherson (collectively "Defendants") alleging that Aprilla McPherson has failed to

"relinquish" funds to him.   (Compl. at 4, ECF No. 2.)   Plaintiff also filed an application to

proceed *in forma pauperis*.   (IFP Application, ECF No. 1.)   Service of Process has not yet

occurred.   Based on the Court's review of Plaintiff's IFP application, it appears he is unable to

Page 1  – ORDER OF DISMISSAL

pay the costs of commencing this action, and therefore, his application is granted. The instant action is Plaintiff's third lawsuit within three months premised on nearly identical allegations against Defendants. As determined previously, this Court lacks subject matter jurisdiction over this action, and therefore, Plaintiff's Complaint is dismissed.

*Standards*

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, Congress has directed that "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims. 28 U.S.C. § 1915(e)(2); *see, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a *pro se* litigant, the court must liberally construe the pleading and accept as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires "the plaintiff [to] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Self-represented, or *pro se* plaintiffs, are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Additionally, self-represented litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam).

## *Procedural and Factual Background*

This case is Plaintiff's third case alleging nearly identical claims against Defendants. In his first action, *Rogers v. McPherson*, Case No. 3:21-cv-01686-AC, Plaintiff asserted that his sister, Aprilla McPherson, was appointed representative payee of his social security benefits, and that in December 2015, McPherson was ordered to "relinquish" the account and failed to do so. (F&R at 2–3, Case No. 3:21-cv-01686-AC, ECF No. 12.) Plaintiff alleged that McPherson stole $100,000, failed to pay his bills, and sought between $500,000 and $50 million in damages. (*Id.* at 2.) There, Plaintiff alleged the Court had jurisdiction based on diversity and identified several state rules of civil procedure, namely Oregon Rules of Civil Procedure 59, 60, 64, and 71. (*Id.* at 2.) In Plaintiff's first action, Judge Acosta explained that the Court lacked subject matter jurisdiction to hear his claims because the parties were not diverse and that Plaintiff failed to adequately allege a federal question, and he provided Plaintiff with an opportunity to amend his

pleadings.  (Order to Amend, Case No. 3:21-cv-01686-AC, ECF No. 7.)   Judge Acosta also informed Plaintiff that the Court lacked jurisdiction to hear any claims concerning McPherson's appointment, removal, or misuse of funds as representative payee in the first instance, and that Plaintiff must pursue such remedies with the Commissioner of Social Security.  (F&R at 7–8, Case No. 3:21-cv-01686-AC, ECF No. 12.)   Because Plaintiff failed to cure those deficiencies in any of his amended complaints, Judge Acosta recommended that the action be dismissed.  (*Id.* at 8–9.)  This Court agreed and dismissed Plaintiff's first action on January 18, 2022. (Order, 3:21-cv-01686-AC, ECF No. 23.)   Plaintiff has continued to file amended complaints and other materials in his first action, and the Court advised him in a February 9, 2022 Order that the materials failed to demonstrate that the Court has jurisdiction to hear his claim.   (Order, Case No. 3:21-cv-01686-AC, ECF No. 32.)

On January 24, 2022, Plaintiff filed his second action, *Rogers v. McPherson*, Case No. 3:22-cv-00116-AC.   (Compl., Case No. 3:22-cv-00116-AC, ECF No. 1.)   There, Plaintiff alleged identical factual allegations against Aprilla McPherson and asserted he was appealing a final order of the Commissioner of Social Security.  (*Id.* at 2–4.)   Again, Plaintiff failed to attach a final decision of the Commissioner or otherwise demonstrate that he exhausted his administrative remedies.   Therefore, the Court concluded it did not have subject matter jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).  (Order of Dismissal at 5–6, Case No. 3:22-cv-00116-AC, ECF No. 6.)  Further, because Plaintiff failed to submit any materials showing that he exhausted his administrative remedies despite being advised of that particular deficiency in his first action, the Court dismissed the action without leave to amend on February 16, 2022.   (*Id.* at 6–7.)

On February 14, 2022, Plaintiff filed the instant action, his third.  Plaintiff repeats his allegations that Aprilla McPherson was appointed representative payee, was removed as representative payee in December 2015, has failed to release or return his money, and owes him $26,000 to $150,000 in damages.  (Compl. at 6–9, Case No. 3:22-cv-00229-AC, ECF No. 2.)

*Discussion*

In the instant action, Plaintiff again asserts this Court has jurisdiction based on diversity of citizenship.  A "diversity of citizenship" case involves citizens of different states where the amount of damages in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).  Here, Plaintiff provides that he is a Portland, Oregon resident, and likewise provides Portland, Oregon addresses for each of the Defendants.  (Compl. at 1–2, ECF No. 2.)  Consequently, this Court does not have subject matter jurisdiction based on diversity of citizenship.

As exhaustively discussed previously, this court does not have subject matter jurisdiction over Plaintiff's claims related to Aprilla McPherson's actions as representative payee.  (F&R at 9, Case No. 3:21-cv-01686-AC, ECF No. 12.)  Similarly, this Court lacks jurisdiction over Plaintiff's claims for conversion and unjust enrichment because those claims are premised on state law, and thus, do not allege claims arising under a federal statute, federal treaty, or the U.S. Constitution sufficient to allege federal question jurisdiction.  (*See* F&R at 6–7, Case No. 3:21-cv-01686-AC.)  Plaintiff has been previously advised of these specific deficiencies and has failed to cure them in any of his numerous filings.  (*See, e.g.*, Order of Dismissal, 6–7, Case No. 3:22-cv-00116-AC, ECF No. 6.) Given the numerous filings subsequent to this Court's previous dismissals and the absence of additional factual details that could provide this Court with subject matter jurisdiction, the Court readily concludes that leave to amend is futile.  *Cervantes v.*

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (explaining that a district court's discretion to deny leave to amend is "particularly broad" when it has previously granted leave to amend).   Accordingly, this action is dismissed without leave to amend.

*Conclusion*

For all these reasons, Plaintiff's IFP application (ECF No. 1) is GRANTED, and this Action is DISMISSED without prejudice.

**IT IS SO ORDERED.**

DATED this 17th day of March, 2022.


/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge